24-237
*Kirk v. Citigroup Glob. Mkts. Holdings Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-five.

PRESENT:

RICHARD J. SULLIVAN,
EUNICE C. LEE,
*Circuit Judges*,
CHRISTINA C. REISS,*
*Judge*.

---

DAVID M. KIRK,

*Plaintiff-Appellant*,

v. No. 24-237

---

* Chief Judge Christina C. Reiss, of the United States District Court for the District of Vermont, sitting by designation.

CITIGROUP GLOBAL MARKETS HOLDINGS INC.,

*Defendant-Appellee*.

---

**For Plaintiff-Appellant:** David M. Kirk, *pro se*, Saint Johns, FL.

**For Defendant-Appellee:** Samuel J. Rubin, Goodwin Procter LLP, New York, NY; William E. Evans, Goodwin Procter LLP, Boston, MA; Brian T. Burgess, Goodwin Procter LLP, Washington, DC.

Appeal from a judgment of the United States District Court for the Southern District of New York (Andrew L. Carter, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 28, 2023 judgment of the district court is **AFFIRMED**.

David Kirk, a Florida broker proceeding *pro se*, appeals from a judgment of the district court dismissing his claims, with prejudice, against Citigroup Global Markets Holdings Inc. ("Citigroup") for violations of federal securities laws and state common-law fraud. We assume the parties' familiarity with the facts,

procedural history, and issues on appeal.[1]

We review a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) *de novo*, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Bangs v. Smith*, 84 F.4th 87, 95 (2d Cir. 2023) (internal quotation marks omitted). To survive a Rule 12(b)(6) motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where, as here, the complaint alleges claims sounding in fraud, a plaintiff must further "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Because Kirk is proceeding *pro se*, we construe his submissions "liberally" and interpret them "to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (internal quotation marks omitted).

## I. Section 12 of the Securities Act of 1933

Kirk, who purchased exchange traded notes ("ETNs") issued by Citigroup,

[1] Although the district court did not enter judgment on a separate document as required by Federal Rule of Civil Procedure 58(a), the judgment became final 150 days after the order was entered on the docket, *see* Fed. R. Civ. P. 58(c)(2)(B), and we deem Kirk's notice of appeal to have been timely filed as of that date, *see* Fed. R. App. P. 4(a)(2); *see also* Fed. R. App. P. 4(a)(7)(B) ("A failure to set forth a judgment or order on a separate document when required by [Rule] 58(a) does not affect the validity of an appeal from that judgment or order.").

first challenges the dismissal of his claim for securities fraud in violation of section 12(a)(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*(a)(2).[2] To state a claim under section 12(a)(2), a plaintiff must allege, at the very least, that the defendant made "an untrue statement of a material fact or omit[ted] . . . a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading." *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 359 (2d Cir. 2010) (internal quotation marks omitted).

We agree with the district court that Kirk has failed to allege that Citigroup made a materially false statement. In his fourth amended complaint ("FAC"), Kirk alleges that Citigroup misrepresented the performance of its ETNs by stating in its Pricing Supplement that they were designed to track the S&P GSCI Crude Oil Index at a "3x" rate, when in reality, the trading price of the ETNs Kirk held plummeted during the COVID-19 pandemic. But Citigroup clearly and repeatedly stated that the "indicative value" of the ETNs, which was derived from

---

[2] We previously vacated the district court's dismissal of Kirk's then-operative complaint, holding that the complaint's allegations could be construed to implicate both section 11 and section 12 of the Securities Act of 1933. *See Kirk v. Citigroup Glob. Mkts. Holdings Inc.*, No. 22-179, 2022 WL 10218518, at *2 (2d Cir. Oct. 18, 2022). Because the challenged statements are contained in a Pricing Supplement, and not a registration statement, we apply section 12 rather than section 11, though the statutes are the same in all material respects. *See In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 359 (2d Cir. 2010).

the crude-oil index, could differ from the ETNs' trading price in secondary markets. *See* Suppl. App'x at 17 ("[The] Indicative Value of the ETNs are not the same as the trading price of the ETNs, which is . . . a market-determined price that will reflect market supply and demand."). The Pricing Supplement further described how trading prices could be affected by "many unpredictable factors" that alter "global supply and demand for crude oil." *Id.* at 41. Accordingly, because the Pricing Supplement clearly warned investors about the risks associated with the ETNs, and because Kirk has not alleged any other facts that would render the statements made regarding the ETNs false, Kirk has failed to state a claim under section 12(a)(2). *See Ashland Inc. v. Morgan Stanley & Co.*, 652 F.3d 333, 338 (2d Cir. 2011) (affirming the dismissal of a securities fraud claim when the defendant had "explicitly disclosed the very . . . risks about which [the plaintiff] claim[s] to have been misled").

## II. Section 10(b) of the Exchange Act of 1934 and Common-Law Fraud

Kirk also challenges the district court's conclusion that he failed to plausibly allege a claim under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and for common-law fraud under New York law. To state a claim under section 10(b), a plaintiff must plead "that the defendant made a false statement or

omitted a material fact." *Kalnit v. Eichler*, 264 F.3d 131, 138 (2d Cir. 2001) (internal quotation marks omitted). Similarly, to state a claim for common-law fraud under New York law, a plaintiff must allege that "the defendant made a material false representation." *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 186–87 (2d Cir. 2004). Given that Kirk's section 10(b) and common-law fraud claims rely on the same allegations of falsity as his section 12(a)(2) claim, we agree with the district court that Kirk failed to state a claim that Citigroup made a material misrepresentation concerning the performance of the ETNs.[3]

[3] The district court only reached the merits of Kirk's common-law fraud claim in the alternative, having initially concluded that it lacked subject-matter jurisdiction over that claim because Kirk had not alleged an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332. But Kirk requested more than $75,000 when accounting for punitive damages, which "may be included in determining whether the jurisdictional amount is satisfied" where "punitive damages are permitted under the controlling law." *See A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991); *see also Walker v. Sheldon*, 10 N.Y.2d 401, 405 (1961) (allowing punitive damages for fraud claims where "the fraud, *aimed at the public generally*, is gross and involves high moral culpability" (emphasis added)). We therefore cannot say that it is a "legal certainty" that Kirk's alleged amount recoverable does not meet the jurisdictional threshold. *See Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). In any event, because Kirk's common-law fraud claim is premised on the same alleged misstatements as his federal claims, the district court clearly had supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367(a).

## III. Recusal

Finally, we reject Kirk's challenge to the district court's denial of his recusal motions. *See United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (reviewing the denial of a recusal motion for abuse of discretion). To begin, because we have confirmed on *de novo* review that the district court correctly dismissed Kirk's FAC, his challenge to the court's recusal rulings is effectively moot. *See Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 42 n.10 (2d Cir. 2005); *see also Camacho v. Autoridad de Telefonos de Puerto Rico*, 868 F.2d 482, 490 (1st Cir. 1989) (concluding that the judge's refusal to recuse was at most harmless error, and the "matter of disqualification [was] moot," where the circuit court "independently confirmed the correctness of the lower court's decision"). In any event, we are confident that Kirk's asserted bases for recusal – the district court's prior rulings against him, purported delays in the disposition of this case, and speculative conflicts of interest – would not have caused "an objective, disinterested observer fully informed of the underlying facts" to "entertain significant doubt that justice would be done absent recusal." *United States v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007) (internal quotation marks omitted); *see, e.g.*, *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or

partiality [recusal] motion."); *United States v. Thompson*, 76 F.3d 442, 451 (2d Cir. 1996) ("Disqualification is not required on the basis of remote, contingent, indirect or speculative interests." (internal quotation marks omitted)). In affirming the district court's recusal decisions, we commend Judge Carter for maintaining his decorum. Self-represented status does not relieve parties of the expectation that they will comport themselves civilly when addressing opposing counsel and the court.

*  *  *

We have considered Kirk's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court dismissing all of Kirk's claims with prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court