# 24-237

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

DAVID M. KIRK,
*Plaintiff - Appellant*,

v.

CITIGROUP GLOBAL MARKETS HOLDINGS INC.,
*Defendant - Appellee.*

On Appeal from the United States District Court for the
Southern District of New York, No. 1:20-cv-07619 (Carter, J.)

## DEFENDANT-APPELLEE CITIGROUP GLOBAL MARKETS HOLDINGS INC.'S OPPOSITION TO MOTION TO RECALL THE MANDATE

William E. Evans
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

Brian T. Burgess
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
(202) 346-4000

Samuel J. Rubin
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

*Counsel for Defendant-Appellee Citigroup Global Markets Holdings Inc.*

October 23, 2026

Defendant-Appellee Citigroup Global Markets Holdings Inc. ("CGMHI") opposes Plaintiff-Appellant David Kirk's motion to recall the mandate. Given the "need to preserve finality in judicial proceedings," *Brit. Int'l Ins. Co. v. Seguros La Republica, S.A.*, 354 F.3d 120, 123 (2d Cir. 2003) (citation omitted), recall of the mandate is treated as a means "of last resort, to be held in reserve against grave, unforeseen contingencies," *id.* (quoting *Calderon v. Thompson*, 523 U.S. 538, 549-50 (1998)). No "extraordinary circumstance has been cited" in Kirk's motion, and accordingly, "it would be an abuse of discretion for this Court to recall its mandate." *Id.* As an initial matter, Kirk admits (at 2-3) that his arguments were at least available to him when he filed his petition for rehearing. An argument that could have been made is not the basis for a motion to recall the mandate. *See, e.g.*, Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3938 (3d ed.) (citing *Johnson v. Bechtel Assocs. Pro. Corp., D.C.*, 801 F.2d 412, 416 (D.C. Cir. 1986) (per curiam)) (motion to recall mandate "may not be used simply as a device for granting a late rehearing").

In any event, Kirk's argument about the Court's abbreviated reference to concepts of "Closing Indicative Value" and "Intraday Indicative" simply as "the Indicative Value" provides no basis on the merits to recall the mandate. As CGMHI explained in its merits response brief, "<u>neither form</u> of Indicative Value for the ETNs" (*i.e.*, neither the "Closing" nor "Intraday" Indicative Value) determines the "'trading price' at which noteholders could trade in the ETNs in the secondary

market." *See* Dkt. No. 25.1 at 6 (emphasis added) (citing APP10-12, 17-21). Accordingly, Kirk's argument (at 2, emphasis added) "that the operative complaint expressly invoked Closing Indicative Value and the index's closing level" while the Court's Summary Order referred only to "the" Indicative Value has no impact on the Court's analysis and is immaterial.

For these reasons, the motion should be denied.

October 23, 2026

Respectfully submitted.

/s/ Samuel J. Rubin

Samuel J. Rubin
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

*Counsel for Defendant-Appellee*
*Citigroup Global Markets Holdings Inc.*

William E. Evans
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

Brian T. Burgess
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
(202) 346-4000

## CERTIFICATE OF COMPLIANCE

This motion opposition complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 326 words.

This motion opposition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared using Microsoft Word Version 2008 in 14-point Times New Roman, a proportionally spaced typeface.

October 23, 2026

/s/ Samuel J. Rubin
Samuel J. Rubin

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2026, I electronically filed the foregoing document with the United States Court of Appeals for the Second Circuit using the Court's ACMS system. I certify that Plaintiff is registered as an ECF filer and will be served by the ACMS system and by First Class Mail directed to the following address listed for Plaintiff-Appellant on the docket for this appeal:

David M. Kirk

873 Southern Creeks Drive

Saint Johns, FL 32259

October 23, 2026

/s/ Samuel J. Rubin
Samuel J. Rubin