# 24-237

**US COURT OF APPEALS FOR THE SECOND CIRCUIT**
**DAVID M. KIRK, Plaintiff-Appellant**
**v.**
**CITIGROUP GLOBAL MARKETS HOLDINGS INC.,**
Defendant-Appellee

## APPELLANT'S TIMELY* REPLY TO APPELLEE'S RESPONSE TO RECALL THE MANDATE; REQUEST SANCTIONS / RESUBMIT OPTION IF NEEDED

*'Timely' to counter Dkt 46 page 5, that [Plaintiff] "will be served"

## Introduction - 3 items of evidence of sabatoge by false claim:

i) Doc 46 Certificate of Service stated [Plaintiff] "will be served by the ACMS. .." still hasen't been so he got a copy off PACER. If true, FRAP Rule 31(a)(1) would put deadline for reply at 10/30/2026, this past Friday. That day he opened the mailed copy, so 11/6 is the deadline.

ii) **Omission of emails** (of ALL 3 Defense Counsels)

iii) Non-response (of ALL 3 Defense Counsels) to Plaintiff's email requesting Response (to verify it and be able to search by term).

These 3 equate to Intended Deception demanding immediate Sanctions and option if needed to allow Plaintiff to resubmit this reply, being illegally rushed.

The SDNY docket cites over 20 such misdeeds by attorney Rubin.

⇒ Though Nov 6 is the true deadline, Plaintiff composes much more hurried to submit ASAP to avoid dismissal and having to argue to reinstate.

# REPLY TO RESPONSE TO "RECALL OF MANDATE" ISSUE

1) NEWNESS IS MET WHEN INFORMATION IS PRESENT BUT CAN ONLY BE ACCEPTED AS FACT IF THE AUTHORITY OF THIS HONORABLE COURT IS REBUFFED

- As Plaintiff stated, the sentence in which the Order omitted 5 key words was later found to be preceded the very sentence prior starting with "In the case of **Automated Acceleration**", and such wasn't the case - it was Optional Acceleration, and either way, the prospectus mandated that any such event MUST BE ANNOUNCED and scheduled - which it was scheduled to start March 25, 2020 and such announcement occurred March 19, 2020, after the 50% shortfall.

"Automated Acceleration" was the worst case scenerio for the stock which never occurred.

IN THEIR RESPONSE, DEFENSE COUNSEL EXPECTS:
THE READER TO ASSUME THAT THIS COURT COULD:
i) FIND WORST CASE SCENERIO IN PROSPECTUS WHICH DIDN'T EVEN OCCUR IN THIS CASE.
ii) OMIT 5 KEY WORDS MID-SENTENCE.
iii) USE THAT AS THE ENTIRE BASIS OF THEIR ORDER.

⇒ Like most all patriotic citizens, Plaintiff never expected that so at the time trusted that examining the sentence in the Order (one omitting 5 words) was appropriate enough.

2) NAV tracking for all ETFs is done on a 15 second increment basis and such was true for UWT stock. This is common knowledge among all market efficienados and supporting evidence so excluding for time expedience.

3) The omitted 5 words are key because they cited both intraday and closing Indicative Values. Intraday values would naturally be more susceptible to being more different than the NAV price because more trading is done. Even so, with the NAV price being corrected for every 15 seconds, the difference would be minimal.

4) As Plaintiff stated, the advertised annual error rate in SEC filings also verified as having occurred until March 18, 2020 was only 0.5% to 1% annually, equating to 0.003% daily. So Intraday values briefly could and would be more than that 0.003% in very short time intervals until rebalanced within 15 seconds.
How much more? Standard Deviations of 2 or 3 have been designated by SCOTUS as the level of acceptance which at 3 would place a value of twice the normal error, or about 0.007%.
Still monumentally short of the 50% shortfall this case sues for.

5) Page 2 of Doc 46 states with "emphasis added" citing "Closing Indicative Value and the index's closing value", such statement is in said prospectus and IS IN ITSELF A FALSETY. As stated, by definition ETN's are formula-based and corrected every 15 seconds, so would be also corrected for at closing. And it was every 850 days since inception prior to March 18, 2020. Even if it wasn't 100% corrected for, the citing that it "could be less" means NOTHING because it places no amount of HOW MUCH LESS. 0. 003% is within average range, 0.007% acceptable per Standard Deviation range. And prior to March 18, 2020 it was NEVER GREATER!

6) The prospectus also details how closing of the index occurs at 2:30 pm and the UWT stock closing occurs at 4pm, so the time factor alone meant that from 2:30pm to 4pm one could expect huge discrepancies. Which were always corrected for at market open the next day.

Respectfully submitted this November 3, 2026

/s/ David M Kirk

David M Kirk
873 Southern Creek Drive
Saint Johns, FL 32259
(904) 806-6937 or (904) 544-1431

# CERTIFICATE OF COMPLIANCE

This reply complies with all FRAP rules - 27(d)(2)(A) and 32(a)(5) because it has 801 words and is 14-point Times Roman Numeral font.

/s/ David M Kirk, November 3, 2026

David M Kirk

# CERTIFICATE OF SERVICE

I certify that on Nov 3, 2026 I emailed this to prosecases@uscourts.gov so attorneys on file will receive an electronic copy, and mailed first class USPS to Samuel J Rubin at his address on file at:

Samuel J Rubin
GOODWIN PROCTOR LLP
The NY Times Building
630 Eighth Avenue
New York, NY. 100188

/s/ David M Kirk
David M Kirk